IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| EDDIE LEE BROWN, | ) | |
| Petitioner, | ) | CIVIL ACTION NO.: CV212-043 |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | (Case No.: CR299-55) |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Eddie Lee Brown ("Brown"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Respondent filed a Response. For the following reasons, Brown's Motion should be **DISMISSED**.

## STATEMENT OF THE CASE

Brown was charged with three (3) counts of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1). Brown was convicted, after a jury trial, of two (2) counts and acquitted of one (1) count. Brown was sentenced to 262 months' imprisonment, six (6) years' supervised release, and a $200 special assessment was imposed. Brown filed a direct appeal with the Eleventh Circuit Court of Appeals, which affirmed his conviction and sentence. United States v. Brown, 247 F.3d 249 (11th Cir. 2001).

Brown filed a previous section 2255 motion. In that motion, Brown asserted that he was not charged in the indictment with a specific quantity of drugs; there were no stipulations by the parties as to a drug quantity; and all of the drug quantities were submitted to the court through his Pre-Sentence Investigation Report. Brown alleged that the due process clause prohibited him from being sentenced based on a drug amount not included in the indictment and that he should have been re-sentenced at an offense level of 12. The undersigned recommended that Brown's first § 2255 motion be dismissed as being untimely filed, and the Honorable Anthony A. Alaimo adopted this recommendation as the opinion of the Court. (Case No. CV205-16, Doc Nos. 5, 8). Brown filed two (2) motions for sentence reduction pursuant to 18 U.S.C. § 3582, both of which were unsuccessful. (Case No. CR299-55-1, Doc. Nos. 88, 90, 91, and 93).

In this Motion, Brown contends that this Court sentenced him to 262 months' imprisonment based on the "mistaken belief that this was the minimum permissible sentence." (Doc. No. 1, p. 2). Brown requests that he be resentenced under the correct offense level. Respondent asserts that Brown's Motion is successive, and, even if it were not, his Motion is untimely.

## DISCUSSION AND CITATION TO AUTHORITY

To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); <u>Farris v. United States</u>, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

2

○ 72A
.ev. 8/82)

convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). "Without authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a movant's] second or successive" motion. Carter v. United States, 405 F. App'x 409, 410 (11th Cir. 2010). The dismissal of a previous section 2255 as untimely "constitute[s] a dismissal with prejudice," requiring a movant to seek permission from the Eleventh Circuit to file a successive § 2255 motion. Id. (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)).

Brown's first section 2255 motion was denied as being untimely, which requires him to seek authorization from the Eleventh Circuit before filing the instant Motion. Brown did not seek or receive prior authorization from the Eleventh Circuit Court of Appeals which would permit this Court to exercise jurisdiction over this section 2255 motion. Even if the Eleventh Circuit authorized his motion, it does not appear that Brown would be entitled to his requested relief. Brown has not set forth any assertions which fall within § 2255(h)'s requirements.

It is unnecessary to address the alternative ground for dismissal Respondent advances in its Response.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Brown's Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 13th day of April, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
Rev. 8/82)